JAMES ZELIFF, DEFENDANT IN ERROR, v. THE NORTH JERSEY STREET RAILWAY COMPANY, PLAINTIFF IN ERROR.

Argued February 19, 1903—Decided June 8, 1903.

1. A motion to nonsuit having been based solely upon the ground of contributory negligence, the question of the absence of evidence of negligence on the part of the defendant is, not open for consideration upon error.

2. Plaintiff, while seated in a street car, with his arm resting upon the frame of an open window, was injured in a collision between the car and a part of the load of a passing wagon, which overhung the side of the wagon and struck the plaintiff's arm. The trial judge instructed the jury, in substance, that if any part of the plaintiff's arm protruded beyond the line of the car, and but for this fact he would not have been injured, then the plaintiff had failed to establish negligence on the part of the defendant company, and the verdict must be in favor of the defendant. *Held*, unnecessary for the judge to go further and charge the jury that the position suggested for the plaintiff's arm evidenced negligence on his part.

---

On error to the Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices HENDRICKSON and PITNEY.

For the plaintiff in error, *Chauncy H. Beasley.*

For the defendant in error, *Samuel Kalisch.*

The opinion of the court was delivered by

PITNEY, J.  Plaintiff was a passenger upon a street car, operated by defendant company, and alleged that, while the

car was proceeding rapidly, the motorman negligently permitted it to come into collision with a wagon loaded with empty barrels. His insistment was that the barrels overhung the side of the wagon, and that, in the collision, the barrels grazed the side of the car; that he was sitting with his elbow resting upon the frame of one of the windows of the car, the window being open; that one of the barrels was crowded into the open space of the window, caught the plaintiff's sleeve, and, by driving his elbow forcibly against the side of the window-frame, broke the arm. For the personal injuries thus received plaintiff recovered a verdict and judgment below. Defendant asks reversal for alleged trial errors, evidenced by bills of exceptions.

Counsel for the plaintiff below was permitted, against objection, to illustrate his opening remarks to the jury by showing to them an object said to be a model of the window at which the plaintiff was sitting at the time he was injured. The use of such an object for purposes of illustration was fairly permitted by the trial judge as a part of the plaintiff's opening, although the object had not yet been proved to be a faithful representation of the car window. The court, upon overruling the objection, offered to instruct the jury in such a manner as to prevent wrong from being done to the defendant from the use of the so-called model; but no request for such instruction seems to have been afterwards preferred.

The trial court properly refused the motion to nonsuit, and the motion to direct a verdict in favor of the defendant. These motions were based solely upon the ground that the plaintiff, being a passenger upon the street car, voluntarily placed himself in a position of danger; a matter that was fairly in dispute upon the evidence. The motion did not raise the question of the absence of evidence of negligence on the part of the defendant's motorman, and that question, therefore, is not open for consideration here. *Trade Insurance Co.* v. *Barracliff,* 16 *Vroom* 543; *Garretson* v. *Appleton,* 29 *Id.* 386; *Ottawa Tribe* v. *Munter,* 31 *Id.* 459.

One of the plaintiff's witnesses, Minnie Krauss, who was a passenger upon the car with the plaintiff and his wife, upon

her direct examination, testified solely with respect to what she saw of the occurrence at and before the time when the plaintiff was injured, and with respect to a scraping sound that she said was heard by her as the car passed by the wagon and barrels. She mentioned no conversation had by her with the plaintiff and his wife, nor anything said in the plaintiff's hearing by anyone. Upon cross-examination she said that she had held no conversation with the Zeliffs. Later she was asked, on cross-examination, whether, after the occurrence, the plaintiff's wife, or somebody else who was there present, did not say to the plaintiff that he ought not to have put his arm out of the window, and would not have been hurt if he had not done so. Objection being made, the question was excluded by the trial court, on the ground that the supposed statement, having been made after the occurrence, was not a part of the *res gestæ,* and, although admissible on the ground that a statement made in the presence of the plaintiff and not contradicted by him would amount to an admission against his interest, the question was not to be permitted upon cross-examination, but should be offered by the defendant as a part of its own case. This ruling, we think, was correct. The question excluded was not admissible as cross-examination of this witness.

The remaining exceptions relate to the refusal of certain of the defendant's requests to charge. Of the requests so refused, the only ones that were well founded in law and that were at all pertinent under the evidence in the case were sufficiently covered by the instruction given to the jury, to the effect that the motorman had the right to assume that no part of the person of the passenger would protrude beyond the lines of the car, and that if the evidence satisfied the jury that the plaintiff's elbow or any part of his arm protruded beyond the line of the car, and that but for this fact the accident would not have happened, then the plaintiff had failed to establish negligence upon the part of the defendant company, and the verdict must be in favor of the defendant. This was sufficiently favorable to the defendant. As the judge charged the jury that the position suggested for the

plaintiff's arm absolutely negatived the existence of actionable negligence on the part of the defendant's employes, it was unnecessary for him to go further and say that it evidenced negligence on the part of the plaintiff; for, if there was no negligence on the part of the defendant, the question of contributory negligence was not raised.

No error appearing in the record, the judgment is affirmed.